

Seyfarth Shaw LLP<br>
620 Eighth Avenue<br>
New York, New York 10018<br>
T (212) 218-5500<br>
F (212) 218-5526<br><br>
pgalligan@seyfarth.com<br>
T (212) 218-5521<br><br>
www.seyfarth.com

July 9, 2024

**VIA ECF**

Honorable Jennifer H. Rearden
U.S. District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Caponetto v. Mullen et al.
      Case No.: 1:22-cv-10423-JHR

Dear Judge Rearden:

This Firm represents Defendants Larry Mullen, Ann Acheson and RZO Productions, Inc. (incorrectly stated as RZO Productions, LLC) in the above-captioned matter. We write the Court to respectfully request the Court preclude Plaintiff from future filings.

On October 5, 2023, Your Honor granted Defendants' Motion to Dismiss in full, leaving no claims in this case.[1] (ECF No. 31.) Since that time, Plaintiff has filed thirty-four (34) submissions with the Court, making various baseless allegations against Defendants, defense counsel, the Court and its judges, and the government, and seeking various forms of relief to which she is not entitled. Only one of these submissions, from March 19, 2024 (ECF No. 50), required a response from Defendants, and Defendants filed their response to that submission on March 21, 2024 (ECF No. 51.). Plaintiff continues to make defamatory statements against the undersigned and this Firm, including alleging the undersigned is a "white collar criminal" of the "criminal law firm 'Seyfarth.'" (ECF No. 65.) Plaintiff's baseless allegations stem from her frustration and disappointment about her initial New York State Court case, and now this case, being dismissed. They have no merit.

Plaintiff is engaged in abusive, groundless and vexatious litigation. Plaintiff's submissions, especially those with defamatory and baseless accusations, must stop. "[A] federal district court may impose reasonable filing restrictions on a pro se litigant in that particular court, pursuant to 28 U.S.C. § 1651(a) and its inherent authority to control and manage its own docket so as to prevent abuse in its proceedings." *Humphrey v. Court Clerk for the United States Supreme*

---

[1] The Court's Order states, "the Court grants Defendants' motion. A decision setting forth the reasons for this ruling will issue." (ECF No. 31.) The parties continue to await the Court's decision, and Defendants presume that this matter has not yet been closed because the decision has not been issued. Defendants respectfully request the Court issue its decision and close this matter.



*Court*, No. 5:11-CV-0938 (GTS/ATB), 2012 U.S. Dist. LEXIS 10821, at *18 (N.D.N.Y. Jan. 30, 2012); *see also In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (where a *pro se* plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement may be instituted by the court as an appropriate sanction).

Defendants respectfully request the Court direct Plaintiff to refrain from any further filings. Defendants further respectfully request the Court close this matter, as the Court granted Defendants' Motion to Dismiss in full. As detailed in the Motion to Dismiss, Defendants dispute all allegations asserted by Plaintiff. Defendants further dispute all allegations asserted by Plaintiff in her various submissions.

We thank the Court for its consideration of this request.

Respectfully submitted,

SEYFARTH SHAW LLP


*/s/ Paul H. Galligan*


Paul H. Galligan


PHG
cc:     Rossana Caponetto (via Certified Mail)