UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSSANA CAPONETTO,

                  Plaintiff,

-v.-

LARRY MULLEN, et al.,

                  Defendants.

22 Civ. 10423 (JHR)

OPINION & ORDER

JENNIFER H. REARDEN, District Judge:

On December 9, 2022, Plaintiff Rossana Caponetto, acting *pro se*, brought this action against Defendants Larry Mullen, Ann Acheson, and RZO Productions, Inc.[1] (collectively, "Defendants"). ECF No. 1 (Compl.). Pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants moved to dismiss the Complaint.[2] ECF No. 22 (Notice of Mot.). The Court granted Defendants' motion. ECF No. 31. This Opinion sets forth the context and bases for that ruling.

## BACKGROUND

### A. Prior State Court Action

On June 8, 2020, more than two years before filing her Complaint in this Court, Plaintiff commenced an employment discrimination action against Defendants in New York State Supreme Court, Rockland County (the "State Court Proceeding"). *See Caponetto v. Mullen*, 032137/2020, NYSCEF No. 1 (N.Y. Sup. Ct. Rockland Cty., Jun. 8, 2020). Plaintiff alleged discrimination based on national origin, harassment, hostile work environment, and wrongful

---

[1] Although the Complaint named "RZO PRODUCTIONS LLC," ECF No. 1 (Compl.) at 1, defense counsel identified this party as "RZO Productions, Inc.," *see* ECF No. 9 (January 12, 2023 Letter-Motion) at 1 ("This Firm represents [*inter alia*] Defendant[] . . . RZO Productions, Inc. (incorrectly stated as RZO Productions, LLC)[.]"). The Court refers to this party as "RZO Productions, Inc."

[2] This case, originally assigned to the Honorable John G. Koeltl, was reassigned to this Court.

termination under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"); retaliation under NYSHRL and NYCHRL; negligent hiring and supervision; breach of the covenant of good faith and fair dealing; and intentional and negligent infliction of emotional distress. *Id*. at 8-13.  Plaintiff was represented by counsel in the State Court Proceeding. *Id*. at 13.  Although Defendants Mullen and Acheson appeared, *see Caponetto v. Mullen*, 032137/2020, NYSCEF No. 13, at 1 (N.Y. Sup. Ct. Rockland Cty., Jan. 4, 2021), RZO Productions, Inc. did not, *see Caponetto v. Mullen*, 032137/2020, NYSCEF No. 74, at 3 (N.Y. Sup. Ct. Rockland Cty., Jun. 30, 2022) ("Plaintiff [did] not show that she ever served [Defendant RZO Productions, Inc.]").

On January 18, 2022, following the close of discovery, Defendants Mullen and Acheson moved for summary judgment. *Caponetto v. Mullen*, 032137/2020, NYSCEF No. 43 (N.Y. Sup. Ct. Rockland Cty., Jan. 18, 2022).  Plaintiff responded to the motion on February 16, 2022. *Caponetto v. Mullen*, 032137/2020, NYSCEF No. 67 (N.Y. Sup. Ct. Rockland Cty., Feb. 16, 2022).  Defendants Mullen and Acheson filed a reply on March 2, 2022. *Caponetto v. Mullen*, 032137/2020, NYSCEF No. 73 (N.Y. Sup. Ct. Rockland Cty., Mar. 2, 2022).  Justice Sherri L. Eisenpress granted summary judgment in favor of Defendants and dismissed the action on June 29, 2022 ("State Court Judgment").[3]  *Caponetto v. Mullen*, 032137/2020, NYSCEF No. 74, at 11 (N.Y. Sup. Ct. Rockland Cty., Jun. 30, 2022).

Although Justice Eisenpress "decline[d] . . . to hold . . . that the NYCHRL [did] not apply to defendants," she concluded that, "[e]ven construing the record in the light most favorable to

---

[3] The Complaint states that the date of "the judgment entered against [Plaintiff] [was] . . . June 28, 2022." Compl. at 8.  The State Court judgment was signed by Justice Eisenpress on June 29, 2022 and filed on the docket on June 30, 2022.  *Caponetto v. Mullen*, 032137/2020, NYSCEF No. 74, at 11 (N.Y. Sup. Ct. Rockland Cty., Jun. 30, 2022).

2

plaintiff, . . . her national-origin and retaliation claims fail[ed] under both the NYSHRL and NYCHRL, on all potential evidentiary avenues." *Id*. at 6, 8.  In particular, Plaintiff "fail[ed] to show . . . any evidence that defendants knew about the alleged words of plaintiff's supervisor or co-worker, much less condoned or acquiesced in them." *Id*. at 9.  Moreover, the fact that Plaintiff was "hired and fired by the same supervisor," as well as her "relatively short duration of . . . employment," "weigh[ed] heavily against a finding of workplace discrimination." *Id*. Regarding Plaintiff's retaliation claims, Justice Eisenpress determined that "there [was] no record evidence that [defendants had] discouraged plaintiff's activity, or . . . any causal connection between plaintiff's alleged complaints and her termination." *Id*. at 10.  When "the burden shift[ed] to plaintiff," Plaintiff "fail[ed] to rebut defendants' showing or otherwise raise a triable issue of material fact in opposition to dismissal." *Id*. at 10, 11.

**B.    The Instant Action**

On December 9, 2022, Plaintiff initiated this action to "vacat[e] the judgment entered against her" in the State Court Proceeding.  Compl. at 8.  The Complaint invokes the Court's federal question jurisdiction over three claims: (1) "[f]raud upon the court [under] Federal [R]ule of [C]ivil [P]rocedure 60(d)(3);" (2) "[d]eprivation of rights under the color of law [under] Title 18, U.S.C. Section 242;" and (3) "[c]onspiracy against rights [under] Title 18 U.S.C. Section 241." *Id*. at 2.  Citing the State Court judgment, Plaintiff averred that "[a] judgment was procured against [her] through Fraud upon the Court." *Id*. at 5.  Specifically, Plaintiff alleged that "her former lawyer, Hendrick Vandamme, intentionally filed fraudulent documents preventing his client from presenting her case to the court" and that "the defendants' lawyers Paul Galligan, Laurie Almon and Veronica Vitarelli willfully submitted fraudulent and fabricated documents and concealed evidence during discovery." *Id*. at 8, 9.  Plaintiff further claimed injuries in the form of PTSD, "Major depression diagnosed," and "DEPRIVATION OF CIVIL,

3

CONSTITUTIONAL AND GOD GIVEN RIGHTS." *Id*. at 6.  In addition, Plaintiff asserted that she "ha[d] been severely hacked both in [her] computers and cell phone . . . [because] [her] case seem[ed] to be very important to some very powerful people who fear[ed] the information in [her] possession." *Id*. at 23.

    Plaintiff requested the following relief:

- (1) "close [the State Court Proceeding] ruling in [Plaintiff's] favor;"

- (2) "grant [Plaintiff] the full $10,000,000 dollars initially requested, or as [the Court] deems fair and appropriate;"

- (3) "revoke for good the licenses from all the officers of the court involved in [the State Court Proceeding];"

- (4) "award[] Plaintiff a compensation as [the Court] deems fair and appropriate for willful infliction of emotional and physical pain, shock, trauma and mental anguish caused by [officers of the court involved in the State-Court Proceeding] denying Plaintiff of her Civil, Constitutional and God given Rights;"

- (5) "revoke for good the medical license of Dr. [Charles] Robins[,] [who performed a clinical neuropsychological evaluation of Plaintiff as part of the State Court Proceeding,] and Mrs. [Kelly] Ebbels[,] [who was Plaintiff's therapist and worked with Dr. Robins,] so they won't be able to defraud the United States of America court system anymore nor any other human being;"

- (6) "award Plaintiff a compensation as [the Court] deems fair and appropriate for willful infliction of emotional and physical pain, shock, trauma and mental anguish caused by [Dr. Robins and Mrs. Ebbels], together with the other staff members involved . . . for denying Plaintiff her Civil, Constitutional and God given rights;"

4

- (7) "order the hackers and whoever hired them, to stop this 24 hour harassment;"

- (8) "hold accountable to the full extent of the applicable laws, every single officer of the court for engaging in Fraud upon the Court, Deprivation of Rights under the color of Law and for engaging in Conspiracy against Rights;"

- (9) "award[] Plaintiff a compensation for every single person involved as [the Court] deems fair and appropriate;"

- (10) "hold accountable Mr. Mullen, Mrs. Acheson and RZO Productions LLC [sic] in the person of its owner and founder William Zysblat to the full extent of the applicable laws;" and

- (11) award "damages from Mr. Mullen, Mrs. Acheson and RZO PRODUCTIONS LLC [sic], in the person of William Zysblat in the amount of [$90,000,000.00] for the willful infliction of emotional and physical pain, mental anguish, shock and trauma and for denying Plaintiff's Civil, Constitutional and God given rights or what [the Court] deems fair and appropriate." *Id*. at 26-28.

On February 22, 2023, Defendants moved to dismiss the Complaint pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Notice of Mot. at 1. Plaintiff did not respond to the motion. Instead, on March 13, 2023, Plaintiff filed a 183-page submission addressed to Chief Judge Swain that "move[d] for an ORDER recusing Judge Jennifer Reardon [sic] JHR from this litigation," ECF No. 26 (March 13, 2023 Letter) at 3, because "the Judge, the defendants' lawyers and the defendants ALL BELONG to the same 'CSC/CTC DE CLUB,'" *id*. at 22, which is "a real criminal organization worse than the mafia, [whose] members . . . protect[] corporate entities' rights at the expense of human beings [and] are responsible for the enslavement of humanity," *id*. at 28, and which "predetermined [the

assignment of the Court to this case] by . . . hacking," *id*. at 24.  Plaintiff filed another letter to Chief Judge Swain on March 15, 2023 claiming that her "'MOTION TO RECUSE' . . . [was] not . . . uploaded correctly . . . [because it was] split in 2 parts," which had been entered on the docket as ECF Nos. 26 and 26-1, respectively.  ECF No. 27 (March 15, 2023 Letter) at 1.  On April 7, 2023, Defendants filed a reply in further support of their motion to dismiss.  ECF No. 28 (Reply Mem.).  Other than the March 13, 2023 and March 15, 2023 letters seeking recusal, Plaintiff did not make any other submissions after Defendants moved to dismiss and before they filed their reply.  In other words, Plaintiff did not oppose Defendants' motion to dismiss or request any additional time to do so.

Plaintiff filed a letter addressed to Chief Judge Swain on April 13, 2023, stating that this Court (Judge Rearden) never had jurisdiction over her case "as proven by the Tampered court stamps on [Plaintiff's] docket report: [Judge Rearden's] initials, instead of Judge Koeltl's, are on all [Plaintiff's] documents since [Plaintiff's] first filing on 12/09/22."  ECF No. 29 (April 13, 2023 Letter) at 1.[4]  On April 24, 2023, Plaintiff moved "this Court for an order for a new judge to

---

[4] On January 13, 2023, this case was reassigned from the Honorable John G. Koeltl to this Court. Plaintiff submitted a letter to Judge Koeltl on January 23, 2023 noting, "just in case this [wa]s related to the constant hacking issues [she] [was] experiencing since [she] found out about this 'Fraud upon the Court' last September 2022," that her case number was appearing as "1:22-cv-10423-JHR instead of [ending with] JGK."  ECF No. 13 (January 23, 2023 Letter) at 1.  The change in the case number was in fact due to reassignment of the action, as "JGK" referred to Judge John G. Koeltl and "JHR" refers to Judge Jennifer H. Rearden.  On January 24, 2023, Plaintiff filed a letter addressed to this Court (Judge Rearden) expressing concern that the change in case number reflected "hacking issues" that she had allegedly been experiencing.  ECF No. 14 (January 24, 2023 Letter) at 1.  Two days later, Plaintiff filed another letter stating that, due to the change in her case number, "[she] believe[d] this court ha[d] been hacked," "submit[ted] a . . . report . . . to the FBI regarding [her] hacking issue," and "ask[ed] . . . if this problem can be investigated ASAP."  ECF No. 15 (January 26, 2023 Letter) at 1.

6

replace Jennifer Rearden in this case . . . in further support of Plaintiff's motion to recuse." ECF No. 30 (Mot. for Change of Judge) at 1.[5]

On September 30, 2023, the Court granted Defendants' motion to dismiss. ECF No. 31.[6]

## LEGAL STANDARDS

"Federal district courts are courts of 'limited jurisdiction' and must confirm that they have subject matter jurisdiction over matters before them." *Whittingham v. Tress*, No. 23 Civ. 6058 (VSB), 2024 WL 3252595, at *4 (S.D.N.Y. July 1, 2024) (citing *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62-63 (2d Cir. 2009)), *appeal dismissed*, No. 24-2047, 2025 WL 465660 (2d Cir. Jan. 15, 2025). "Such a determination is a threshold issue." *Id*. (citing *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)).

"A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court 'lacks the statutory or constitutional power to adjudicate it.'" *Id*. (quoting *Huntress v. United States*, 810 F. App'x 74, 75 (2d Cir. 2020) (summary order)); *see also* Fed. R. Civ. P 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[5] The Motion for Recusal argued that, due to "[t]he existence of [a conspiratorial organization and her alleged involvement in it,] [this Court] must recuse herself." ECF No. 26 at 25. However, "recusal is not warranted because there is no chance that 'a reasonable person, knowing all the facts, would conclude that [the Court's] impartiality could reasonably be questioned.'" *Schuster v. Charter Commc'ns, Inc.*, No. 18 Civ. 1826 (RJS), 2024 WL 4150886, at *3 (S.D.N.Y. Aug. 12, 2024) (quoting *United States v. Wedd*, 993 F.3d 104, 114 (2d Cir. 2021)) (denying recusal motion where plaintiff "assert[ed], as the basis for recusal, that [the Court] . . . criminally involved [it]self in [a] coverup" while "present[ing] no arguments or evidence explaining how [the Court] ha[d] been partial or biased in overseeing th[e] action" (internal quotation marks omitted)). "Absent any basis to support recusal, [the Court is] 'obliged not to recuse.'" *Id*. (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988)). Thus, Plaintiff's recusal motion is denied.
[6] Thereafter, Plaintiff filed fifty-three submissions making baseless allegations against Defendants, defense counsel, this Court, and other judges. *See* ECF Nos. 32-50, 52-66, 69-84, 86-88.

"Courts must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Whittingham*, 2024 WL 3252595, at *4 (cleaned up) (quoting *Morrison*, 547 F.3d at 170). "[T]he party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (cleaned up) (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)).

"Although courts hold pro se complaints to less stringent standards than formal pleadings drafted by lawyers," "pro se litigants" also "must establish subject-matter jurisdiction." *Id.* at 5 (quoting *Hodge v. New York Unemployment*, No. 24 Civ. 1631 (AMD), 2024 WL 1513643, at *1 (E.D.N.Y. Apr. 8, 2024)); *see also Rimini v. J.P. Morgan Chase & Co.*, No. 21 Civ. 7209 (JPC), 2022 WL 4585651, at *3 (S.D.N.Y. Sept. 29, 2022) ("[D]espite the solicitous pleading standard, a *pro se* plaintiff must still show facts establishing the Court[']s subject matter jurisdiction." (alteration in original) (quoting *Bravo v. U.S. Bank Nat'l Ass'n*, No. 12 Civ. 1183 (ENV), 2013 WL 307824, at *1 (E.D.N.Y. Jan. 25, 2013))).

## DISCUSSION

### A. Under the *Rooker-Feldman* Doctrine, the Court Lacks Subject Matter Jurisdiction Over Plaintiff's Rule 60(d) Claim.

The Complaint alleges that "[t]his [C]ourt has the legal power to vacate the judgment that was entered against Plaintiff . . . for Fraud upon the Court" through "Federal Rule of Civil Procedure 60(d)(3)." Compl. at 21. "Under Rule 60(d), a federal court may 'set aside a judgment for fraud on the court,' or entertain an independent action to relieve a party from a judgment." *Williams v. Long Beach Mortg. Co.*, No. 22 Civ. 6838 (LTS), 2022 WL 16950932, at *2 (S.D.N.Y. Nov. 14, 2022) (quoting Fed. R. Civ. P. 60(d)(1) & (3)). "Fraud on the court

8

constitutes (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." *Id*. (internal quotation marks omitted).

"Rule 60 only authorizes a federal district court to set aside one of its *own* judgments or orders . . . , and *not a judgment or order of a state court* or other federal court." *Id.* (emphases added). "Any such action would violate the *Rooker-Feldman* doctrine." *Id*. "[U]nder the *Rooker-Feldman* doctrine, federal district courts lack authority to review final state-court orders and judgments." *Id*. at *1 n.2 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005)). "The *Rooker-Feldman* doctrine 'precludes a United States district court from exercising subject-matter jurisdiction[.]" *Id*. (quoting *Exxon Mobil Corp.*, 544 U.S. at 291). "District-court review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court judgment; (3) the plaintiff must invite district court review and rejection of the state court judgment; and (4) the state court judgment must have been rendered before the district court proceedings commenced." *Id*. (citing *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021)).

The Complaint makes "clear that jurisdiction over Plaintiff's case is barred by the *Rooker-Feldman* doctrine." *Whittingham*, 2024 WL 3252595, at *7. First, Plaintiff "lost in state court," *Williams*, 2022 WL 16950932, at *1 n.2, when her action against Defendants was dismissed. *See Caponetto v. Mullen*, 032137/2020, NYSCEF No. 74, at 11 (N.Y. Sup. Ct. Rockland Cty., Jun. 30, 2022). Second, "[a]lthough [Plaintiff's] *pro se* Complaint is not clear with regard to the precise injuries suffered," *Drown v. Town of Northfield*, No. 14 Civ. 80, 2015 WL 1393250, at *4 (D. Vt. Mar. 25, 2015), the State Court Judgment appears to be the alleged cause of those injuries. For example, Plaintiff alleges that "[a] judgment was procured against

9

[her] through Fraud upon the Court on 06/[29]/22," Compl. at 5, and her prayer for relief addresses that alleged fraud, *id*. at 26.  Third, Plaintiff "invite[d] district court review and rejection of the state court judgment," *Williams*, 2022 WL 16950932, at *1 n.2, when she moved "this Court under *Federal Rule of Civil Procedure* 60(d)(3) for an order vacating the judgment entered against her on June [29], 2022 issued by [Justice] Sherri L. Eisenpress of the Supreme Court of Rockland County, NY," Compl. at 8.  Fourth, the State Court entered its judgment on June 29, 2022, *Caponetto v. Mullen*, 032137/2020, NYSCEF No. 74, at 11 (N.Y. Sup. Ct. Rockland Cty., Jun. 30, 2022), more than five months before the "proceedings" in this Court "commenced," *Williams*, 2022 WL 16950932, at *1 n.2; *see* Compl. (filed on December 9, 2022).

In light of the foregoing, the *Rooker-Feldman* requirements have been satisfied.  *Whittingham*, 2024 WL 3252595, at *7; *see also Fiorilla v. Citigroup Glob. Markets, Inc.*, 771 F. App'x 114, 115 (2d Cir. 2019) (summary order) (affirming "dismissal of a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)" where Plaintiff "sue[d] to set aside a state court judgment, which is generally barred by the *Rooker-Feldman* doctrine" and rejecting claims that "fraud on the court[]" should negate the *Rooker-Feldman* prohibition); *Heriveaux v. Lopez-Reyes*, No. 17 Civ. 9610 (AJN), 2018 WL 3364391, at *3 (S.D.N.Y. July 10, 2018), *aff'd*, 779 F. App'x 758 (2d Cir. 2019) (summary order).

**B.     Subject Matter Jurisdiction Does Not Lie Over Plaintiff's Claims Pursuant to 18 U.S.C. §§ 241 and 242 as Plaintiff Cannot Initiate Criminal Prosecution.**

The Complaint also alleges that Defendants engaged in "Deprivation of Rights Under Color of Law [under] Title 18, U.S.C., Section 242 and Conspiracy against Rights [under] Title 18 U.S.C. Section 241." Compl. at 21.  Section 242 establishes that it is unlawful to "subject[] any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by

10

the Constitution or laws of the United States." 18 U.S.C. § 242. Under Section 241, it is unlawful to "conspire to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured . . . by the Constitution or laws of the United States, or because of [that individual's] having so exercised the same." 18 U.S.C. § 241.

"Plaintiff's claims in which [s]he seeks the criminal prosecution of at least some of the defendants must be dismissed." *El Dey v. Bd. of Correction*, No. 22 Civ. 2600 (LTS), 2022 WL 2237471, at *3 (S.D.N.Y. June 22, 2022). "Plaintiff cannot initiate the prosecution of an individual or other entity in this court because 'the decision to prosecute is solely within the discretion of the prosecutor.'" *Id*. (quoting *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981)). "Plaintiff also cannot direct prosecutors to initiate a criminal proceeding against any defendant because prosecutors possess discretionary authority to bring criminal actions and they are 'immune from control or interference by citizen or court.'" *Id*. (quoting *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972)). "Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, the Court dismisses, for lack of subject matter jurisdiction, any claims, including any under 18 U.S.C. §§ 241 or 242, in which Plaintiff seeks the criminal prosecution of any of the defendants." *Id*. (citations omitted); *see also Chapman v. Maycock*, No. 21 Civ. 4940 (KAM), 2021 WL 6091749, at *2 (E.D.N.Y. Dec. 23, 2021) (ruling that "Plaintiff's allegations, even liberally construed, fail to state claims 'arising under the Constitution, laws, or treaties of the United States'" where "Plaintiff brings . . . action pursuant to [*inter alia*] . . . 18 U.S.C. § 241 [and] 18 U.S.C. § 242" (quoting 28 U.S.C. § 1331)); *Delap v. Mackey*, No. 21 Civ. 847 (LEK), 2023 WL 1990282, at *2 (N.D.N.Y. Feb. 13, 2023) ("[T]his Court lacks federal question jurisdiction because Plaintiffs reference only [18 U.S.C. § 241] as the basis for federal question jurisdiction.").

C.  **The Court Declines to Grant Leave to Amend.**

Although "[d]istrict courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, . . . leave to amend is not required where it would be futile." *Grimaldi v. United States Dep't of Just.*, No. 19 Civ. 10001 (CM), 2019 WL 5806955, at *2 (S.D.N.Y. Nov. 5, 2019) (citing *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011)). "Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend." *Id.* (declining to grant plaintiff acting *pro se* leave to amend where "the Court dismiss[ed] the petition for lack of subject matter jurisdiction").

## CONCLUSION

"[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice." *Charles v. Levitt*, 716 F. App'x 18, 22 (2d Cir. 2017). Accordingly, the Complaint is dismissed without prejudice.[7]

The Clerk of Court is directed to issue a Judgment consistent with this Opinion and close the case. Any pending motions are moot.

SO ORDERED.

Dated: August 1, 2025
       New York, New York

                                                      JENNIFER H. REARDEN
                                                    United States District Judge

---

[7] "Because there is no subject matter jurisdiction over [P]laintiff's claim[s], the Court need not analyze" Defendants' motion to dismiss arguments pursuant to Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure. *Lunney v. United States*, No. 01 Civ. 0897 (LMM), 2001 WL 1636965, at *4 n.1 (S.D.N.Y. Dec. 20, 2001), *aff'd*, 319 F.3d 550 (2d Cir. 2003); *see also Whittingham*, 2024 WL 3252595, at *7 ("I therefore cannot exercise jurisdiction over Plaintiff's claims, and must dismiss Plaintiff's Complaint. Because I do not have jurisdiction over Plaintiff's suit, I do not consider the merits of Plaintiff's claims.").